# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
|     v. | ) | No. 06 C 7048 |
| | ) | Wayne R. Andersen |
| VILLAGE OF LOMBARD, a municipal | ) | |
| corporation, and JOSEPH METALLO, | ) | |
| individually and in his official capacity, | ) | District Judge |
| | ) | |
|     **Defendant.** | ) | |

## AMENDED MEMORANDUM OPINION AND ORDER

This matter is before the court on defendants Village of Lombard and Joseph Metallo's motions to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion to dismiss is granted for all Counts.

### BACKGROUND

The following allegations are taken from plaintiff Jane Doe's First Amended Complaint. Plaintiff was assaulted by Guiseppe Metallo on December 21, 2005, and she reported the sexual assault to the Lombard Police Department on December 23, 2005. At the time, Joseph Metallo, Guiseppe Metallo's grandson, was employed as a police officer in the Lombard Police Department. On December 23, 2005, the Lombard Police Department obtained a search warrant to collect evidence, including fingernail clippings, from Guiseppe Metallo. Joseph Metallo knew of the sexual assault allegations against Guiseppe Metallo and knew that fingernail clippings from his grandfather should be preserved for the criminal investigation. Further, the defendant-officer had a duty to preserve the evidence, but knowingly directed or permitted Guiseppe

1

Metallo to destroy the fingernail clippings. The Village of Lombard also had a duty to preserve evidence and had a policy in effect allowing its police officers to provide advice to criminal suspects who were family members, but failed to train Joseph Metallo with respect to the limits of this policy. As a result of the conduct of the Village of Lombard and Joseph Metallo, plaintiff alleges that she was deprived of a key piece of evidence necessary to prove a claim for sexual assault against Guiseppe Metallo.

Criminal proceedings were commenced by the state against Guiseppe Metallo for actions described by the plaintiff in the instant complaint. On September 4, 2007, Metallo was convicted by a court in DuPage County of sexual assault and abuse crimes.

Plaintiff has brought a five-count complaint against the defendants. Counts I (against the Village of Lombard) and II (against Joseph Metallo) allege that plaintiff was deprived of her right to due process of law, in violation of the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 ("Section 1983"). Count III (against Joseph Metallo) is for intentional spoliation of evidence. Count IV (against Joseph Metallo) is for negligent spoliation of evidence. Count V (against the Village of Lombard) is for willful and wanton spoliation of evidence.

## DISCUSSION

In reviewing a Rule 12(b)(6) motion to dismiss, the court will view all facts in the light most favorable to the plaintiff. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). A complaint will not be dismissed unless it is clear that the plaintiff cannot prove facts consistent with its allegations that would entitle it to relief. *Id.*

**A. Counts I and II Fail to State a Claim for Denial of Access to the Courts**

In Counts I and II, plaintiff alleges that the actions of the defendants deprived her of her right to due process of law. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .

42 U.S.C. § 1983. To state a claim under Section 1983, plaintiff must allege that (1) she held a constitutionally protected right; (2) she was deprived of this right in violation of the Constitution; (3) the defendant intentionally caused this deprivation; and (4) the defendant acted under color of law. *Donald v. Polk County*, 836 F.2d 376, 379 (7th Cir. 1988). Furthermore, to sufficiently allege a Section 1983 claim, plaintiff must allege and describe the underlying cause of action and identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

In this case, plaintiff alleges that, as a result of the actions of Joseph Metallo, who was acting under color of law at the time, she was deprived of a key piece of evidence necessary to prove a claim for sexual assault against Guiseppe Metallo. Therefore, according to the plaintiff, she was deprived of her right to due process of law. However, she does not identify any remedy that may be awarded as recompense in a Section 1983 suit that may not be awarded in another suit, nor does her complaint contain an allegation that she was prevented from pursuing any claims against Guiseppe Metallo.

Indeed, plaintiff currently has a civil complaint for assault, battery, and other tort claims pending against Guiseppe Metallo in state court. Plaintiff claims that the likelihood of success on her state tort claims may be impinged or that the value of any settlement may be reduced

3

because of the loss of this evidence. However, the Seventh Circuit has held that a plaintiff is not denied access to the courts when "[s]he was personally involved in the incident and thus had firsthand knowledge of all the facts and circumstances surrounding" the alleged sexual assault. *Thompson v. Boggs*, 33 F.3d 847, 852 (7th Cir. 1994). The fact that her case is on file in the Circuit Court of DuPage County shows that she was not denied access to the courts and that she has sufficient information to file suit against Guiseppe Metallo. The criminal proceeding against Guiseppe Metallo was not impeded, as proven by his recent conviction in state court. Accordingly, Joseph Metallo's motion to dismiss Count II of the complaint is granted.

Secondly, plaintiff claims the Village of Lombard did not sufficiently train Joseph Metallo with respect to a village policy allowing police officers to provide advice to criminal suspects who were family members. There are three ways in which a municipality's policy can violate an individual's civil rights: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *See McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). However, for the reasons stated above, the plaintiff did not sufficiently allege that she was denied access to the courts as a result of defendant Village of Lombard's actions. Therefore, the Village of Lombard's motion to dismiss Count I of the complaint is granted.

**B. Counts III, IV, and V Are Dismissed for Lack of Supplemental Jurisdiction**

In Counts III and IV, plaintiff alleges the state law claims of intentional and negligent spoliation of evidence against Joseph Metallo. In Count V, plaintiff alleges the state law claim

4

of willful and wanton spoliation of evidence against the Village of Lombard. 28 U.S.C. § 1367(a) states that "[i]n any civil action in which the district courts have original jurisdiction, the courts shall have supplemental jurisdiction over all other claims related to the claims in the original action as provided by Article III of the Constitution." However, the court may decline to hear state law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). When considering whether to exercise supplemental jurisdiction over state claims, a federal court should consider judicial economy, convenience, and fairness. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). If exercising supplemental jurisdiction does not promote these factors, and where the federal claims have been dismissed before trial, the court should dismiss the state claims as well. *Id.*

In this case, as the plaintiff's federal claims have been dismissed, there is no interest of judicial economy, convenience, or fairness in preserving state claims against the defendants. Furthermore, with respect to spoliation claims, the Illinois Supreme Court has encouraged plaintiffs to bring spoliation claims concurrently with the underlying suit, as the trier of fact would be in the best position to resolve all the claims fairly and consistently. *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 198 (1995). If a plaintiff loses his underlying suit, only the trier of fact in that suit would know whether the lack of improperly disposed evidence was the material reason for the plaintiff's loss. *Id.* Accordingly, this court grants the defendants' motions to dismiss Counts III, IV, and V for lack of supplemental jurisdiction. Plaintiff's underlying action in state court against Guiseppe Metallo would be best suited to determine the extent to which the lack of fingernail clippings had a detrimental effect on Plaintiff's case. She may pursue that claim in state court, perhaps joining the defendants in this case so that all of the possible causes

of action arising out of the assault and the investigation of it may be resolved together.

## **CONCLUSION**

For the foregoing reasons, we grant the Village of Lombard's motion to dismiss [42] Counts I and V of the complaint and grant Joseph Metallo's motion to dismiss [44] Counts II, III, and IV of the complaint.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Date: September 21, 2007